JAMES CARTER *et al.* v. THE PRAIRIE OIL AND GAS COMPANY.

No. 16,165.

CONTRACTS — *Agency* — *Independent Contractor.* It appearing that the plaintiffs were employed by one who was an independent contractor, and not an agent for the defendant, a demurrer to the plaintiffs' evidence was properly sustained in an action to recover for services rendered.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed October 9, 1909. Affirmed.

*A. L. Billings,* for the plaintiffs in error.

*W. S. Fitzpatrick, J. B. F. Cates,* and *N. E. Van Tuyl,* for the defendant in error.

*Per Curiam:* The controversy here is whether the
Prairie Oil and Gas Company is liable to James Carter
and Homer Green for making certain grades and fire-
walls on the Copan tank-farm in Indian Territory, and
this depends upon whether J. M. Vansky, who em-
ployed them, was acting for the company or for him-
self as an independent contractor. They alleged that
the agreement was that they should receive a certain
price per cubic yard for grading and excavating dirt
and rock, with a proviso that if these rates did not
yield reasonable wages a price per yard should be paid
which would net them reasonable compensation for the
work. The capacity in which Vansky entered into the
contract with plaintiffs was put in issue, and in at-
tempting to maintain their contention that they were
working for the company and not for Vansky the plain-
tiffs produced, in addition to their own testimony, that
of the superintendent and the engineer of the company,
as well as the testimony of Vansky, with whom the ne-
gotiations were had. At the conclusion of their testi-
mony the court sustained a demurrer to the evidence,
and the only question now is, Was there anything sub-
stantial to submit to the jury? Of course, if there was
any evidence which might entitle the plaintiffs to re-
cover the demurrer should have been overruled. It
appears, however, that none of the testimony sub-
mitted would have warranted a finding of the jury
against the defendant. Vansky, the plaintiffs' witness,
testified that he was an independent contractor and
had sublet the work to the plaintiffs, and, further, that
he did not employ them for the company. The super-
intendent and the engineer of the company, both called
as witnesses for the plaintiffs, testified that Vansky
did the work under a contract with the company and
did not act as the agent of the company in the negotia-
tions with the plaintiffs. The contract between the
company and Vansky under which the work was done

was put in evidence, and the plaintiffs testified that they knew of its existence and the price that Vansky was receiving from the company for the work they were doing. It is true that there was testimony that Vansky had exhibited what was designated as a salary check, and there were some fragmentary statements which the plaintiffs claim indicated agency, but there is nothing substantial in them nor any testimony substantially inconsistent with that mentioned showing that the plaintiffs were subcontractors under Vansky.

The judgment is affirmed.